IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| CAROLYN PORTERFIELD, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | **3 : 02-CV-88 (RLH)** |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

The plaintiff herein filed this Social Security appeal on September 12, 2002, challenging the Commissioner's final decision denying her application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

The plaintiff filed the disability applications presently at issue in November 1998, alleging disability since May 1994 due to back pain and headaches. Due to the *res judicata* effects of past unfavorable decisions, the relevant period under consideration herein is August 15, 1996, through March 31, 1998, plaintiff's date last insured. Her applications were denied throughout the administrative levels, with the ALJ determining that although the plaintiff suffered from cervical and lumbar degenerative disc disease, headaches, and possible borderline intellectual

functioning, she retained the residual functional capacity to perform the full range of light work. The Appeals Council denied review and the plaintiff then filed this appeal, arguing that the ALJ erred in failing to evaluate plaintiff's somatoform disorder, failed to properly apply the pain standard, and failed to give controlling weight to the opinion of plaintiff's treating physician.

*Standard of review*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

*Somatoform disorder*

Initially, the plaintiff argues that the ALJ failed to properly consider her somatoform

disorder in evaluating her disability claim.  The plaintiff argues that the ALJ failed to mention or list plaintiff's somatoform diagnosis among her severe conditions or in her findings.  The Commissioner argues that the ALJ did note plaintiff's "somatization" in completing the Psychiatric Technique Review Form and that any mental condition was deemed non-severe.

A review of the ALJ's decision herein reveals that he noted plaintiff's "somatization" condition in reviewing her mental conditions, and that his designation of severe and non-severe impairments is supported by substantial evidence.  The ALJ specifically noted that the plaintiff was diagnosed as "malingering" following a psychological examination, and that the psychologist deemed her an "unreliable informant".

*Pain standard*

The plaintiff further argues that the ALJ failed to apply the pain standard to her subjective accounts of pain.  If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain.  Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992); Hand v. Heckler, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability.  20 C.F.R. § 404.1529(a).  Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence.  20 C.F.R. § 404.1529(c).  The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between

[plaintiff's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4).  If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff will be deemed disabled.  However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true.  Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

Herein, the ALJ found that the plaintiff suffered from certain severe impairments, i.e., cervical and lumbar degenerative disc disease, headaches, and possible borderline intellectual functioning, and after reviewing the medical evidence of record as well as plaintiff's subjective testimony, the ALJ determined that the plaintiff had the residual functional capacity to perform the full range of light work.  The ALJ noted the plaintiff's subjective complaints,

> especially her contention that she spent six to seven hours per day in bed, and that she could sit for no more than five to ten minutes at a time, or stand for no more than fifteen to twenty minutes at a time.  However, per Dr. Hamby's report, and the minimal objective medical evidence, I find taht the claimant's credibility is extremely poor, and that her testimony is highly unlikely, given the objective medical findings.  I acknowledge that a claimant's subjective complaints of pain must be considered under 29 CFR 404.1529 . . . but note that those sections, along with SSR 96-3p, hold that the subjective complaints must be supported by the objective medical evidence.  In summary I find that the claimant's subjective complaints of pain and limitations are not consistent with the objective medical evidence, and for the reasons explained herein are not persuasive to the extent alleged.

R. at 60.

Thus, the ALJ properly considered plaintiff's subjective accounts of pain and limitation, within the dictates of the pain standard.

*Treating physician's opinions*

Finally, the plaintiff argues that the ALJ improperly disregarded the opinions of disability issued by treating physician Dr. Michelle Smith.  Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner."  "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."  20 C.F.R. § 404.1527(e)(1).

In general, the opinions of treating physicians are given substantial or considerable weight unless good cause is shown to the contrary.  MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).  Good cause has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding.  We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records."  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted).  As the Lewis court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition."  Id.

Herein, noted Dr. Smith's opinions of disability, but properly discounted these opinions after finding good cause within her opinion and the objective medical record.  The ALJ found that:

> [Dr. Smith's] dire and severely limited assessment, which places the claimant at near invalid status unable to perform a full day's work, is not supported by the medical record taken as a whole.   . . . Dr.

> Smith's treatment notes indicate occasional subjective complaints of neck and back pain, but contain no clinical or diagnostic test results. In fact, a March 18, 1997 radiology report indicates questionable spondylolysis at L5, but an otherwise normal lumbosacral examination. I further doubt whether Dr. Smith has seen the findings of Dr. Hamby or Dr. Adogu. Therefore, I find that the assessment of Dr. Smith is due little (and certainly not controlling) evidentiary weight.

R. at 59.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, the Commissioner's decision is hereby **AFFIRMED** pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this 1st day of September, 2005.

                                                      /s/ ***Richard L. Hodge***
                                                     RICHARD L. HODGE
                                                     UNITED STATES MAGISTRATE JUDGE

asb